IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00005-GPG

ALEX J. JIMENEZ,

    Plaintiff,

v.

JEFFERSON COUNTY SHERIFF'S OFFICE,
ARAMARK CORRECTIONAL FOOD SERVICES, INC., and
CORRECT CARE SOLUTIONS,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Alex J. Jimenez, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Jimenez has filed *pro se* an amended complaint titled "42 U.S.C. § 1983 Prisoners Civil Rights Complaint" (ECF No. 14). The court must construe the amended complaint liberally because Mr. Jimenez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Jimenez will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

    As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined the amended complaint is deficient because Mr. Jimenez fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the

claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  See *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The pleading requirements of Rule 8 are designed to meet these purposes.  See *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).   Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.   Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Jimenez fails to provide a short and plain statement of the grounds for the court's jurisdiction.

> Federal courts are courts of limited jurisdiction.   They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.   It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Mr. Jimenez indicates he is asserting claims pursuant to 42 U.S.C. § 1983 and the court has jurisdiction over § 1983 claims pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States." However, Mr. Jimenez does not assert any federal claims in the amended complaint. Instead, he asserts six state law tort claims regarding the conditions of his confinement at the Jefferson County Detention Center in 2015 prior to his sentencing and transfer to a Colorado state prison. Mr. Jimenez does not allege facts that demonstrate the court has diversity jurisdiction over the state law tort claims pursuant to 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States." Therefore, Mr. Jimenez must file a second amended complaint that identifies the statutory authority that allows the court to consider his claims in this action.

In the event Mr. Jimenez does intend to assert federal claims pursuant to 42 U.S.C. § 1983, he must file a second amended complaint that clarifies what those federal claims are. Furthermore, in order to state a cognizable claim in federal court, Mr. Jimenez must identify the specific factual allegations that support each claim and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). Mr. Jimenez also must specify the relief he is seeking. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor*

*Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Neither the court nor the Defendants are required to guess in order to determine what claims are being asserted and what specific factual allegations support each asserted claim.

To the extent Mr. Jimenez may intend to assert one or more claims that he was subjected to cruel and unusual punishment, he must allege specific facts that demonstrate deliberate indifference to a substantial risk of serious harm, *see Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008), or deliberate indifference to his serious medical needs, *see Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). "A claim of deliberate indifference includes both an objective and a subjective component." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1192-93 (internal quotation marks omitted). To the extent Mr. Jimenez may be asserting a claim premised on a delay in providing adequate medical care, he must allege specific facts that demonstrate the delay resulted in substantial harm. *See id.* at 1193. "[T]he substantial harm caused by a delay in treatment may be a permanent physical injury, or it may be an intermediate injury, such as the pain experienced while waiting for treatment and analgesics." *Id.* (internal quotation marks omitted). Under the subjective prong, "a prison official may be held liable . . . only if he knows that inmates face a

substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

To the extent Mr. Jimenez may intend to assert a due process claim, he must allege facts that demonstrate he was deprived of a constitutionally protected liberty or property interest without adequate due process. However, inmates do not have a constitutional right to a grievance procedure. *See Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under 28 U.S.C. § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure); *see also Walters v. Corrs. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004) (finding that an alleged denial of access to administrative grievance procedure did not result in a constitutional violation).

To the extent Mr. Jimenez may intend to assert a claim that his constitutional right of access to the courts was violated, such a claim lacks merit in the absence of specific factual allegations that demonstrate an actual injury in the prisoner's ability to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam).

Finally, Mr. Jimenez is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("[i]ndividual liability . . . must be based on personal involvement in the alleged constitutional violation."). A defendant may not be held liable for the

unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

In addition, the Jefferson County Sheriff's Office is not a proper Defendant in a § 1983 action.   Instead, Mr. Jimenez must name Jefferson County as a Defendant if he wishes to pursue a § 1983 claim against the sheriff's office.   *See Stump v. Gates* , 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).   Furthermore, Mr. Jimenez cannot state a cognizable claim for relief against a municipality like Jefferson County in the absence of specific factual allegations that demonstrate the existence of an injury caused by a municipal policy or custom.   *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).

To the extent Mr. Jimenez may intend to assert a § 1983 claim against Aramark Correctional Food Services, Inc., or Correct Care Solutions, he also must allege specific facts that demonstrate he suffered an injury caused by an official policy or custom.   *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations); *Smedley v. Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. 2005) ("in order to hold CCA liable for the alleged tortious acts of its agents, [Plaintiff] must show that CCA directly caused the constitutional violation by instituting an official policy of some nature that was the direct cause or moving force behind the constitutional violations") (internal citation and quotation marks omitted).

For these reasons, Mr. Jimenez must file a second amended complaint if he

wishes to pursue any claims in this action.   Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."   Therefore, Mr. Jimenez will be directed to file his amended pleading on the court-approved Prisoner Complaint form.   Accordingly, it is

ORDERED that Mr. Jimenez file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order.   It is

FURTHER ORDERED that Mr. Jimenez shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Jimenez fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED March 18, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge